# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>SEAN CHRISTIANSON<br><br>**Defendant** | )<br>)<br>) Case No. 5:25-MJ-50 (MJK)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of February 25, 2025 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) | Possession with intent to distribute cocaine |

This criminal complaint is based on these facts:
See attached affidavit.

☒  Continued on the attached sheet.

**MATTHEW WATERS**
Digitally signed by MATTHEW WATERS
Date: 2025.02.25 15:59:13 -05'00'

*Complainant's signature*

Matthew Waters, Special Agent

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 2/25/2025

Digitally signed by Mitchell J Katz
Date: 2025.02.25 16:17:29 -05'00'

*Judge's signature*

City and State: Syracuse, NY

Hon. Mitchell J. Katz, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Matthew Waters, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I submit this affidavit in support of a criminal complaint charging defendant Sean CHRISTIANSON ("CHRISTIANSON") with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) (possession with intent to distribute a controlled substance), in that he possessed 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

2. I am a Special Agent employed by the Drug Enforcement Administration ("DEA"), presently assigned to the Syracuse, New York Resident Office. I am currently assigned to a DEA Task Force consisting of law enforcement agents from other federal, state, and local agencies. I have received training and have experience in identifying and testing illegal drugs, conducting physical and electronic surveillance, drafting and executing search warrants to collect physical and digital evidence in support of drug offenses, interviewing and managing confidential sources, acting in an undercover capacity to negotiate and purchase illegal drugs, arresting illegal drug traffickers, and interviewing those arrested and convicted for drug trafficking offenses. I have served as the affiant on numerous search warrants related to investigations into narcotics trafficking activity. I have also assisted in the execution of search warrants, arrests, and interviewing suspects in the course of numerous narcotics investigations.

3. I am an investigative, or law enforcement officer, of the United States within the meaning of Title 18, United States Code, Section 2510(7). In other words, I am an officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Titles 18, 21, and 26, United States Code.

4. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, and my training and experience. Because this affidavit is being submitted for the limited purposes of demonstrating probable cause to support a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only the facts and circumstances that I believe are necessary to establish probable cause to believe that CHRISTIANSON has violated Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## FACTS ESTABLISHING PROBABLE CAUSE

5. In February 2025, the DEA received information that Sean CHRISTIANSON would be travelling from the New York City area to the Northern District of New York, to transport a quantity of narcotics for sale.

6. In the early morning of February 25, 2025, DEA agents conducted surveillance of CHRISITANSON as he operated his white 2020 Cadillac Escalade, a vehicle registered to CHRISTIANSON in the state of New York, in the New York City area. Agents observed CHRISTIANSON park the Escalade outside a residential building in New York City and enter the building empty-handed. Based on prior investigation, CHRISTIANSON is known to frequent this apartment building, and agents believe he uses an apartment in the building to house narcotics. Several minutes later, CHRISTIANSON exited the building rolling a cream-colored suitcase and walked directly to the exterior of his Escalade. Moments later, agents observed CHRISTIANSON enter the driver's seat of the Escalade without the suitcase.[1]  Based on the timing of

---

[1] Agents were not able to observe CHRISTIANSON load the suitcase into the Escalade because of view obstructions, but they did note that CHRISTIANSON would not have had time to load the suitcase in any other vehicle in that amount of time without being observed by law enforcement. Also, CHRISTIANSON briefly re-entered the residential building before driving away in the Escalade. During this brief re-entry, agents observed that CHRISTIANSON did not have the suitcase. Agents also did not observe the suitcase outside of the vehicle.

2

CHRISTIANSON's movements, agents believe CHRISTIANSON loaded the suitcase in the rear cargo area or rear seat of the Escalade. Agents observed CHRISTIANSON depart his residence as the driver and sole occupant of the Escalade. Agents followed CHRISTIANSON's Escalade as it travelled away from the New York City area and into the Northern District of New York.

7. CHRISTIANSON was observed entering a hotel parking lot located at 417 7th N. Street, Liverpool, New York in the Northern District of New York. Law enforcement conducted a traffic stop of CHRISTIANSON's Escalade and CHRISTIANSON was detained. Agents again confirmed that CHRISTIANSON was the driver and sole occupant of the vehicle. Agents observed the same cream-colored suitcase that law enforcement had observed earlier in the day in the rear cargo area of the Escalade. A law enforcement drug detection canine handler deployed his drug detection canine around the exterior of CHRISTIANSON's Escalade. The handler reported his canine gave a positive alert for the odor of illegal drugs emanating from CHRISTIANSON's Escalade. The drug detection canine then entered the Escalade and gave a positive alert on the cream-colored suitcase.

8. Law enforcement then opened the rear of CHRISITANSON's Escalade and opened the cream-colored suitcase. Agents identified twenty-two (22) rectangular-shaped packages which had a cumulative weight of approximately 26,686.2 grams. Ten (10) of these packages were field-tested by law enforcement with a TruNarc device. The substances inside each of the 10 packages tested positive for Cocaine HCl. The cumulative weight of these packages was approximately 12,138 grams.

## CONCLUSION

9. Based on the facts set forth above, there is probable cause to believe that CHRISTIANSON has violated Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) as

described herein. I respectfully request the Court authorize the filing of this complaint so that the defendant may be brought to court for further proceedings in accordance with the law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

MATTHEW WATERS
Digitally signed by MATTHEW WATERS
Date: 2025.02.25 16:00:11 -05'00'

Matthew Waters
Special Agent
Drug Enforcement Administration

I, the Honorable Mitchell J. Katz, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on February __25__, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Honorable Mitchell J. Katz
U.S. Magistrate Judge

4